UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>HELEN CAIN DOYLE,<br><br>Debtor. | CASE NO. 19-20124-JRS<br><br>Chapter 7 |
| FIRST AMERICAN TITLE INSURANCE COMPANY and GMAC MORTGAGE, LLC,<br><br>Plaintiffs<br><br>vs.<br><br>HELEN CAIN DOYLE a/k/a HELEN ELIZABETH DOYLE a/k/a ELIZABETH C. DOYLE; JEFFREY L. FREELAND; GEORGIA RECOVERY SERVICE, INC.,<br><br>Defendants | ADVERSARY PROCEEDING CASE NO. 19-020-22 |

## MOTION TO STRIKE GRS' RESPONSE TO THE PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY AND SET ASIDE VOIDABLE TRANSFERS AND BRIEF IN SUPPORT

COMES NOW, FIRST AMERICAN TITLE INSURANCE COMPANY and GMAC MORTGAGE, LLC (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and files this Motion to Strike and Brief in Support, respectfully showing this Court as follows:

### STATEMENT OF FACTS

On May 10, 2019, Plaintiffs initiated an adversary proceeding and filed their Complaint to Determine Dischargeability of Debt and Set Aside Voidable Transfers. [Dkt 1]. On June 14,

2019, Jeffrey L. Freeland (hereinafter referred to as "Mr. Freeland" or in the alternative as "Defendant") filed a *pro se* response to Plaintiffs' complaint on behalf of Georgia Recovery Service, INC. (hereinafter referred to as "GRS" or collectively with Mr. Freeland as "Defendants"). [Dkt. 9]. Mr. Freeland's Response to the Plaintiffs' Complaint to Determine Dischargeability of Debt and Set Aside Voidable Transfers indicates that GRS is represented *pro se* by Mr. Freeland. [Id.].

## ARGUMENT AND CITATION TO AUTHORITY

It is established law in both state and federal courts that corporations must legally be represented by an attorney. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil. Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (where claims were dismissed because corporation was not represented by legally-trained counsel); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. Unit B 1981)[1]; *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-557 (10th Cir. 2001) (citing *Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 413-414 (10th Cir. 1962)). The aforementioned rule even applies when the person seeking to represent the corporation is its president and major stockholder. *Palazzo*, 764 F.2d at 1385; *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978); *Richter v. Higdon Homes, Inc.*, 544 So.2d 300 (Fla. 1st DCA 1989) (even a sole shareholder cannot represent a corporation as a *pro se* litigant).

No matter the distinguished facts, federal courts have constantly denied *pro se* litigants as legal representatives for corporations. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983); *Heiskell v. Mozie*, 82 F.2d 861 (D.C. Cir. 1936) (where court disapproved of any

---

[1] This judgment was entered in July of 1981, before the Fifth Circuit's split in October of 1981, when Georgia fell under the jurisdiction of the then-newly formed Eleventh Circuit.

attempt to circumvent the corporate representation by counsel rule). More specifically, federal courts have consistently granted motions to strike pleadings filed by *pro se* litigants on behalf of corporations. *Simon v. Leaderscape LLC*, 2007 WL 1879393. The Southern District of Florida's U.S. District Court granted a plaintiff's motion to strike where defendant had filed an answer to an amended complaint as a *pro se* litigant on behalf of a corporation. *Id*; *see also Richter*, 544 So.2d at 300 (appellate court ordered default judgment against *pro se* litigant of a corporation if counsel was not retained to represent said corporation).

In the case at bar, Mr. Freeland, appearing *pro se* on behalf of GRS, improperly filed a response; thusly, susceptible to a motion to strike. In the response, Mr. Freeland indicates that he represents GRS and has filed the response as "the sole owner" of GRS. Such a notion directly conflicts with precedent in not only this jurisdiction, but all jurisdictions. It is well established throughout both state and federal courts that a *pro se* litigant cannot represent a corporation – even as the sole owner or shareholder of the corporation. Mr. Freeland attempts to do exactly this. Such an attempt is directly on point with prior case law – where a sister court also subject to the United States Court of Appeals' Eleventh Circuit granted a motion to strike against a pleading filed by a defendant as a *pro se* litigant on behalf of a corporation. *See Simon*, 2007 WL 1879393. Therefore, Plaintiffs' Motion to Strike should be granted.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Strike Defendants' Freeland's Response to the Plaintiffs' Complaint to Determine Dischargeability of Debt and Set Aside Voidable Transfers and grant such other relief as may be appropriate.

Respectfully submitted this 9th day of July, 2019,

/s/ Matthew F. Totten_____
MATTHEW F. TOTTEN
Georgia Bar No. 798589
MONICA K. GILROY
Georgia Bar No. 427520
ATTORNEYS FOR PLAINTIFFS

The Gilroy Firm
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
(678) 280-1922 (Telephone)
(678) 280-1923 (Facsimile)
matthew.totten@gilroyfirm.com
monica.gilroy@gilroyfirm.com

## **CERTIFICATE OF SERVICE**

This is to certify that on July 9, 2019, I caused a copy of the Motion To Strike GRS' Response To The Plaintiffs' Complaint To Determine Dischargeability And Set Aside Voidable Transfers And Brief In Support to be served upon Defendants pursuant to F.R.Bank.P. 7004(b)(1) via United States First Class Mail, postage prepaid, addressed as follows:

Helen Cain Doyle
254 Freeland Road,
Dawsonville, Georgia 30534

JEFFREY L. FREELAND
254 Freeland Road,
Dawsonville, Georgia 30534

GEORGIA RECOVERY SERVICE, INC.
Attn: JEFFREY L. FREELAND, Reg. Agent
254 Freeland Road,
Dawsonville, Georgia 30534

GEORGIA RECOVERY SERVICE, INC.
254 Freeland Road,
Dawsonville, Georgia 30534

This 9th day of July, 2019.

Respectfully submitted,

/s/ Matthew F. Totten
MONICA K. GILROY
Georgia State Bar No. 427520
MATTHEW F. TOTTEN
Georgia State Bar No. 798589
ATTORNEYS FOR PLAINTIFF

THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
(678) 280-1922 (Telephone)
(678) 280-1923 (Facsimile)
Email: Monica.Gilroy@gilroyfirm.com
Matthew.Totten@gilroyfirm.com